**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **TOMMY JASON JOHNSON,** | ) | |
| **individually and on behalf of a class of** | ) | |
| **similarly situated persons described** | ) | **Case No.1:09-cv-00338** |
| **herein,** | ) | |
| | ) | |
| **PLAINTIFFS,** | ) | |
| | ) | |
| **VS** | ) | |
| | ) | |
| **TATUM FURNITURE, LLC.,** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

**COMPLAINT FOR INDIVIDUAL**
**AND CLASS ACTION RELIEF**

**COMES NOW** plaintiff, and files the following complaint pursuant to Rule 8 and

Rule 23 of the *Federal Rules of Civil Procedure*:

**INTRODUCTION**

This action seeks redress for Truth-in-Lending Act ("TILA") violations

committed by defendant, Tatum Furniture, LLC., ("Tatum") in connection with the sale

and financing of consumer goods. Tatum is in the retail furniture business and operates a

store in this district. As part of its business model, Tatum offers its customers installment

sales agreements for which it charges a finance charge on the unpaid balance. The

Plaintiff complains that Tatum violated TILA's requirement that the finance charge be

disclosed as an annual percentage rate ("APR") and otherwise does not make the

disclosures required by TILA and Regulation Z. Additionally, Tatum violated § 5-19-3(1)

of the Alabama "Mini-Code" because the finance charge at issue was excessive.

## JURISDICTION AND VENUE

1.      This Court has federal question jurisdiction over this action under 15 U.S.C. § 1640 and 28 U.S.C. § 1331. There is also supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

2.      Plaintiff, Tommy Jason Johnson, is a resident and citizen of Conecuh County, Alabama.

3.      Tatum is a domestic limited liability with a principal place of business in Evergreen, Alabama.

## FACTS

4.      On or about July 1st 2008 the plaintiff purchased furniture from Tatum Furniture, LLC., as shown by "Sale Contract Security Agreement Truth In Lending Disclosure" a copy of which is filed herewith as exhibit "A" and incorporated by reference.

5.      The furniture was purchased for personal and family use.

6.       Tatum is a "creditor" within the meaning of TILA and Regulation Z. During each of the last several years, Tatum entered into more than 25 transactions per year in which credit was extended in exchange for a finance charge, or in which a consumer contracted to pay for a purchase in four or more installments.

7.      The transaction of the plaintiff with Defendant was an extension of consumer credit by a creditor subject to TILA and Regulation Z.

8.      Plaintiff's transaction is also regulated by the Alabama "Mini-Code" § 5-19-1, et seq.

9.      The contract between parties contained the following terms:

a.  A total sales price of $599.31;

b.  Less a down payment of $140.00;

c.  Leaving a "BALANCE TO BE FINANCED" of $459.31;

d.  Plus a "TOTAL FINANCE CHARGE" of $93.03; and

e.  A "TOTAL TIME PRICE" of $552.34.

10.   Omitted entirely from Tatum's "Disclosure" is any disclosure of the APR.

11.   The APR as calculated by *Consumer Law Math*[1] is 35.3755% as shown in Exhibit "B"

12.   The statutory violations complained of herein were either intentional or occurred because of negligent supervision and training by Tatum of its agents, servants or employees.

## COUNT I: TRUTH IN LENDING ACT VIOLATION

13.   Plaintiff restates the relevant forgoing paragraphs of this complaint in support of this Count.

14.   Defendant failed to comply with TILA's disclosure requirements and plaintiff's retail installment contract violates TILA and Regulation Z in at least the following ways:

a.     There was no disclosure of the "amount financed" using that term as requited by 15 U.S.C. § 1638(a)(2)(A);

b.     There was no disclosure of the finance charge expressed as an "annual percentage rate" ("APR") as required by 15 U.S.C. § 1638(a)(4);

c.     There was no disclosure of the "total of payments" using that term as required by 12 C.F.R. § 226.18(h); and

---

[1] *Consumer Law Math* is licensed by the National Consumer Law Center.

       d.      There was no disclosure of "total sale price" using that term as required by 12 C.F.R. § 226.18(j).

15.     **WHEREFORE**, Plaintiff requests that the Court enter judgment in his favor and against defendant as follows:

    a.  For appropriate statutory damages;

    b.  Attorney's fees, litigation expenses and costs; and

    c.  Such other or further relief as the Court deems appropriate.

## COUNT II: Alabama "Mini-Code"

16.     Plaintiff restates the relevant forgoing paragraphs of this complaint in support of this Count.

17.     The transaction at issue herein is also regulated by the Alabama "Mini-Code," § 5-19-1 et seq., Code of Alabama, because the original amount financed was less than $2,000.00.

18.     Pursuant to § 5-19-3(1) the maximum finance charge on credit sale loan of less than $750.00 is $15.00 per $100.00 per year.

19.     Under the "Mini-Code" the maximum legal finance charge herein was $68.90 (4.5931 X $15.00 = $68.90).

20.     According to the contract at issue, Exhibit "A", Tatum charged a finance charge of $93.03.

21.     In other words, Plaintiff was charged an excess finance charge of $24.13 (93.03 - 69.90 = $24.13).

22.     Tatum made the charge in deliberate violation and reckless disregard of the Mini-Code.

WHEREFORE, Plaintiff demands judgment for statutory damages pursuant to Code of Alabama § 5-19-19.

## COUNT III: FOR CLASS ACTION RELIEF

23.     Plaintiff restates the relevant forgoing paragraphs of this complaint in support of this Count.

24.     Pursuant to Fed.R.Civ.P. 23, plaintiff brings this action on behalf of a class. Initially the class consists of all consumers who satisfy the following criteria:

a.  They entered into a retail installment contract with defendant; and

b.  The retail installment contract failed to properly disclose the "Amount Financed"; and/or

c.  The retail installment contract failed to properly disclose the APR; and/or

d.  The retail installment contract omitted APR; and/or

e.  The retail installment contract failed to properly disclose the "total of payments"; and/or

f.  The retail installment contract failed to properly disclose the "total sale price"; and/or

g.  The finance charge exceeded that allowed by the Alabama "Mini-Code."

25.     The scope and time period the class covers will further defined by Plaintiff's motion for class certification.

26.     The class is so numerous that joinder of all members is impracticable.

27.      Defendant enters into hundreds or thousands of such financed transactions each year, and all or substantially all involve the same violations enumerated above pursuant to an identical "boilerplate" retail installment contract which violates TILA on its face.

28.     There are questions of law or fact common to the class, which predominate over any questions affecting only individual members of the class. The common questions of law or fact include the following:

a.     Whether the disclosures complained of violate TILA and thus Regulation Z;

b.     Whether Tatum charged an excess finance charge in violation of Alabama Law;

c.     Whether Tatum's violations of the "Mini-Code" were made in deliberate violation and reckless disregard of the law.

29.     Plaintiff will fairly and adequately represent the interests of the class members.

30.     Plaintiff and each class member have suffered pecuniary injuries as a result of Defendant's practices.

31.     Plaintiff has retained experienced counsel to prosecute this action.

32.     Plaintiff and his counsel have no interests, which would lead them not to vigorously prosecute this action.

33.     A class action is a superior means for the fair and efficient prosecution of this litigation. Most of the class members are not aware of the wrong or their right to legal redress, making a class action essential. Individual litigation is not economically feasible. At the same time, defendant derives enormous aggregate profits from violating TILA. In the absence of a class action, this serious wrong will go unredressed.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in his favor and against defendant as follows:

a.  For appropriate actual and statutory damages.

b.  For attorney's fees, litigation expenses and costs.

c.  For such other or further relief as the Court deems appropriate.

## TRIAL BY JURY DEMANDED

**RESPECTFULLY SUBMITTED:**

/s/ Earl P. Underwood, Jr.
**Earl P. Underwood, Jr. (UNDEE6591)**
**Attorney for Plaintiff**
**PO Box 969**
**Fairhope, Alabama 36532**
**251-990-5558**
epunderwood@gmail.com

/s/ A. Wilson Webb
**A. Wilson Webb**
**Attorney for Plaintiff**
**924 3rd Avenue, Suite B**
**Gadsden, AL 35901**
**Voice (256) 543-0150**
**Fax (888) 705-9273**
awilsonwebb@gmail.com

PLEASE SERVE DEFENDANT BY CERTIFIED MAIL